Brassard, J.
This matter is before the court on the motion of Plaintiff Paul Murphy (“Murphy”) for a preliminary injunction against the Defendant, Ralph Gaudet, Building Commissioner for the City of Waltham (“City”). Murphy is a Trustee of the Prospect Realty Company and owner of the building located at 133-143 Prospect Street, Waltham, Middlesex County, Massachusetts (“building”).[1] Murphy appeals a decision of the Architectural Access Board (“AAB”) ordering him to make all four commercial storefronts in the building fully accessible and ordering the City to revoke the certificates of occupancy until the building is brought into compliance with AAB regulations. Murphy seeks a preliminary injunction to enjoin the City from revoking the certificates of occupancy.
For the following reasons, Murphy’s request is DENIED.
BACKGROUND
On September 17, 1997, Murphy requested a variance from the AAB to replace the commercial storefronts in his building without providing handicapped access. Murphy claimed that the variance was necessary because he lacked the space to install properly graded handicap access ramps.[2] In October, the AAB denied the variance request. Murphy appealed the decision, and a hearing before the AAB was scheduled for December 15, 1997. However, on December 12, 1997 Murphy withdrew his appeal.
In January of 1998 Murphy submitted to the City of Waltham Building Inspector (“Building Inspector”) an application for a building permit. The application was denied because the plans did not conform with the requirements of the Building Zoning Ordinances, specifically, Article 521 CMR. §3.1, §3.3 and §25.1.[3] The denial stated: “Storefront is not accessible.” On March 20, 1998, Murphy sent a letter to the Building Inspector urging that he reconsider the denial. Murphy argued that the intended work did not implicate 521 CMR.
Murphy also requested and received a hearing before the Board of Building Regulations and Standards (“BBRS”). While he was waiting for a decision from the BBRS, the Building Inspector reconsidered his initial decision and issued Murphy a building permit. Murphy subsequently performed work on the building’s storefront entrance without complying with 521 CMR. Acting upon a complaint that Murphy’s building violated statutory access regulations, the AAB, after a hearing, issued an order that the City revoke the certificates of occupancy in Murphy’s building pending full compliance with 521 CMR.
Murphy now appeals the AAB decision, arguing that he acted in good faith, and relied on the Building Inspector’s issuance of a building permit in going forward with his work. He also argues that the requirements of 521 CMR §3.3 are not triggered by the renovations to the building because the work amounted to less than 30% of the full and fair cash value of the building, and the work performed did not exceed $100,000. 521 CMR §3.3.1
Both Murphy and the AAB appear to be in agreement that $63,500 in renovations has been spent on the building with respect to the building permits issued over a three-year period.[4] However, there appears to be some confusion as to the full and fair cash value of Murphy’s building.[5] Murphy asserts that the $ 119,100 assessment represents only the commercial portion of the building, and that the 30% should be computed according to the full value of the building, which he maintains is $235,200. The AAB argues that the $119,100 is the total assessed value of the building.[6] 521 CMR §5.38 (Full and Fair Cash Value of the Building) states that the full and fair cash value of a building is “the assessed valuation of a building (not including the land) as recorded in the Assessor’s Office of the municipality at the time the building permit is issued ...” Under the applicable definitions, it appears the AAB may properly focus on the value of the commercial portion of the building. Thus, it appears by AAB regulations that the correct mathematical analysis is 30% of the commercial portion of the building, and that the $63,500 spent on renovations is well in excess of 30% of the value of the commercial portion of the building.
DISCUSSION
In considering whether to grant a preliminary injunction, the court conducts a balancing test. The court evaluates the moving party’s claim of injury together with its chance of success on the merits. Packaging Industries Group v. Cheney, 380 Mass. 609, 617 (1980). Thereafter, if the court finds that the failure to issue the injunction would “subject the moving party to a risk of (irreparable) harm in light of the party’s chance of success on the merits,” the court will weigh that risk against any similar risk of irreparable harm which granting the injunction would create for the opposing party. Id. Only when the balance *590 between the risks cuts in favor of the moving party may a preliminary injunction properly be issued. Id.; Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 710 (1990).
It does not appear at this stage of the lawsuit that Murphy has a substantial likelihood of success on the merits in his action. On this preliminary record, it appears that the AAB’s decision was in accordance with 521 Code Mass. Regs. §3.3.2 (Existing Buildings) and §3.7 (Partial Application). The AAB found that based on the valuation of the building, the work performed by Murphy triggered §3.3.2[7] because it amounted to 30% or more of the full and fair cash value of the building. The AAB found that the building had an assessed value of $ 119,100, and that the total work performed on the building over the previous three years cost $63,500. Thus, the AAB concluded that it had proper jurisdiction over the building.
Murphy argues the AAB’s use of $119,100 is incorrect because it represents only the commercial portion of the building. Even if Murphy is correct in this assertion, the regulations permit the valuation to be limited to the commercial portion of the building. The “30% or more of the full and fair cash value of the building” inquiry is calculated using only the portions of the building required to comply with 521 CMR. (See Example in §3.7) §3.7 Partial Application[8] sets forth the standard for determining the full and fair cash value of a building when only a portion of the building is subject to 521 CMR.
Although Murphy and his tenants may suffer serious economic hardship if the certificates of occupancy are revoked by the City, Murphy has not shown a likelihood of success on the merits and therefore is not entitled to injunctive relief.
ORDER
For the foregoing reasons, it is therefore ORDERED that Murphy’s request for a preliminary injunction is DENIED.

 The building has commercial tenants on the street level— a variety store, liquor store, a restaurant and a used-car lot sales office — and residential tenants who live on the second floor.

 Murphy asserts that the building is over 100 years old, and that the storefronts are only approximately 3" to 4" from the property line.

 521 CMR. §3.1 SCOPE: “All work performed on public buildings or facilities (see definition), including construction, reconstruction, alterations, remodeling, additions, and changes of use shall conform to 521 CMR.” §3.3 EXISTING BUILDINGS: “AH additions to, reconstruction, remodeling, and alterations or repairs of existing public buildings or facilities, which require a building permit or which are so defined by a state or local inspector, shall be governed by all applicable subsections in 521 CMR 3, JURISDICTION.” §25.1 GENERAL: “All public entrance(s) of a building or a tenancy in a building shall be accessible. Public entrances are any entrances that are not solely service entrances, loading entrances, or entrances restricted to employee use only. 521 CMR 25, ENTRANCES.”

 CMR 521 §3.5 WORK PERFORMED OVER TIME: “When work performed on a building is divided into separate phases or projects or is under separate building permits, the total cost of such work in any 36 month period shall be added together in applying 521 CMR 3.3, Existing Buildings."

 521 CMR §5.20 BUILDING states in pertinent part that a building is: “A structure enclosed within exterior walls or fire walls, built, erected and framed in a combination of any materials, whether portable or fixed having a roof, to form a structure for the shelter of persons, animals or property.” Furthermore, §5.62 PUBLIC BUILDING defines public building as: “A building privately or publicly financed that is open to and used by the public, including but not limited to . . . commercial buildings ..."

 This assessment by the City of Waltham’s Assessors Office appears to be the assessed valuation of the building not including the land.

 EXISTING BUILDINGS: “If the work performed amounts to 30% or more of the full and fair cash value of the building the entire building is required to comply with 521 CMR.”

 521 CMR §3.7 PARTIAL APPLICATION: “When only a portion of a building is subject to 521 CMR, the full and fair cash value shall be prorated by the ratio of the square footage of that portion to the square footage of the whole building.
Example: Where the whole building is 100,000 square feet, thefull andfair cash value is $1,000,000, and the part subject to 521 CMR is 10,000 square feet (one-tenth of the total), then the full and fair cash value of the part subject to 521 CMR would be one-tenth of $1,000,000 or $100,000."